IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| RANDY ALLEN DENNISON, | ) | Cause No. CV 06-62-GF-SEH-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| CRAIG THOMAS, Executive Director of | ) | |
| Montana Board of Pardons and Parole, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On August 11, 2006, Plaintiff Randy Dennison moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. Ct'.s Doc. No. 2.  That motion was granted in a separate Order. Ct.'s Doc. No. 6.   Dennison is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims.  28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Dennison's Allegations

Dennison alleges that his due process right to a hearing before the Montana Board of Pardons and Parole has been violated. He asserts that he became eligible for parole on February 10, 2006, but he has not been permitted to see the Board. *See generally* Compl. (doc. 1) at 5.

## III. Analysis

Dennison's exhibits and the record of the case conclusively establish that he cannot state a claim on which relief may be granted.

Dennison was sentenced to serve five years in Cause No. DC 99-213(b) and thirteen months in Cause No. DC-05-170(A). The terms were imposed to run consecutively. *See* Am. Order of Revocation, Judgment and Sentence (Compl. Ex. 3) at 3. Accordingly, Dennison's full term is five years plus thirteen months, or about 2,215 days.[1]

---

[1] It is "about" 2,215 days because the Court has used an average of 30 days per month.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

Mont. Code Ann. § 46-23-201(3) (2003) provides that "[a] prisoner serving a time sentence may not be paroled under this section until the prisoner has served at least one-fourth of the prisoner's *full term*." (Emphasis added.) Dennison was not eligible for parole on his second sentence, a DUI fourth offense. *See* Mont. Code Ann. § 61-8-731(1)(a) (2005). Thus, he would become eligible for parole after serving one-quarter of his five-year sentence, or about 456 days, plus the full thirteen months of the second sentence, or about 390 days, or a total of about 846 days. He received credit of 247 days for time served prior to imposition of sentence, *id*. at 8, so his sentence began on or about November 11, 2004, rather than his sentencing date of July 14, 2005. His parole eligibility date, therefore, would be 846 days after November 11, 2004, or roughly March 7, 2007 – not, as Dennison claims, February 10, 2006. It appears that the Records Department credited Dennison with an additional 134 days' credit against the second sentence for time served in jail prior to imposition of sentence.[2] After the sentencing court issued its Amended Judgment, the Records Department calculated Dennison's parole eligibility date to be October 27, 2006, about 134 days before March 7, 2007. *See* Compl. Ex. 4 at 2.

Dennison's contention that Mont. Code Ann. § 46-18-401(1)(a) does not permit the prison terms of his two sentences to "merge" clearly supports the Records Department's calculation. If the two sentences "merged," Dennison would be serving them concurrently. The only way to serve consecutive prison terms is to serve them consecutively. Dennison's interpretation would mean either that he could be paroled on his first sentence, serve it until its expiration date, then go back

---

[2] The Court does not mean to suggest this is necessarily incorrect. It raises a question, however, because Dennison was sentenced to serve consecutive sentences, and he appears to have received credit for 134 of the same 247 days that were credited against his first sentence. Regardless, it is clear that, if there was any error, it only benefitted Dennison.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

to prison to serve the prison term of the second sentence; or that he would be serving the suspended portion of his first sentence at the same time that he served the prison portion of his second. The first outcome would be absurd, and the second would be a concurrent sentence.

The Court can only conclude that Dennison's parole eligibility date was correctly calculated. At the least, the Court's calculation of his parole eligibility date is reasonable in light of the applicable statutes and the Amended Judgment. Dennison fails to state a claim because he could not overcome a qualified immunity defense. Amendment would be futile. The Complaint should be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Dennison's Complaint (doc. 1) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The docket should reflect that his filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

3. Pursuant to Fed. R. App. P. 24(a)(3), the district court should CERTIFY that any appeal from this disposition would be taken in bad faith.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty

(20) calendar days[3] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Dennison must immediately notify the Court of any change of address. Failure to do so may result in dismissal of this case without further notice.

DATED this 20th day of April, 2007.

>*/s/ Keith Strong*
> Keith Strong
> United States Magistrate Judge

---

[3] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5